# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2012

Lyle W. Cayce
Clerk

No. 11-40757
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO BERMUDEZ-BETANCOURT,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-1510-1

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ricardo Bermudez-Betancourt appeals the 42-month sentence imposed following his guilty plea conviction for possession with intent to distribute more than 50 but less than 100 kilograms of marijuana. He argues that the district court clearly erred in imposing a two-level increase in his offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for a weapon found in a vehicle driven by his codefendant.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not clearly err in imposing a two-level increase in Bermudez-Betancourt's offense level under § 2D1.1(b)(1) based on the finding that the firearm was reasonably foreseeable to him. "Ordinarily, one co-conspirator's use of a firearm will be foreseeable because firearms are 'tools of the trade' in drug conspiracies." *United States v. Hernandez*, 457 F.3d 416, 423 (5th Cir. 2006); *see United States v. Dixon*, 132 F.3d 192, 202 (5th Cir. 1997); *cf. United States v. Mergerson*, 4 F.3d 337, 350 (5th Cir. 1993)(finding sufficient evidence to support enhancement where gun was located in co-conspirator's residence and was associated with a drug transaction but found insufficient evidence to support a substantive constructive possession count based upon finding a gun in a jointly-owned residence). The Presentence Report (PSR) stated that Bermudez-Betancourt recruited and paid $1500 to a person, who was an undercover officer, to transport between 50 and 100 kilograms of marijuana from Texas to North Carolina and that he recruited and paid $500 to Jose Torres to transport the marijuana from a storage location to the delivery site. Torres recruited Adalberto Garza to store the marijuana, and Bermudez-Betancourt gave Torres $500 to pay Garza. Garza was armed with a loaded handgun as he escorted Torres during the transportation of the marijuana from the storage site to the delivery site. Officers searched the vehicle driven by Torres and found 104 kilograms of marijuana. Officers searched the vehicle driven by Garza and found a loaded handgun between the console and the driver's seat; Garza conceded that the handgun belonged to him. Bermudez-Betancourt did not present any rebuttal evidence to show that the facts in the PSR were materially untrue. *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). In view of the facts in the PSR, it is plausible that the possession of a weapon by Bermudez-Betancourt's codefendant was reasonably foreseeable to him. *See Hernandez*, 457 F.3d at 423; *Dixon*, 132 F.3d at 202; *Mergerson*, 4 F.3d at 350. The evidence does not give rise to a "definite and firm conviction that a mistake has been committed." *See United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir.

2007) (internal quotation marks and citation omitted).  Therefore, the district court did not clearly err in imposing the two-level enhancement under § 2D1.1(b)(1).

AFFIRMED.